**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 17-4676**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN BRYAN WIGGINS,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:17-cr-00053-CCE-4)

―――――――――

Submitted:  April 17, 2018                    Decided:  April 19, 2018

―――――――――

Before WILKINSON and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

James E. Quander, Jr., QUANDER & RUBAIN, P.A., Winston-Salem, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Bryan Wiggins appeals his conviction and 151-month sentence imposed following his guilty plea to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 (2012). On appeal, counsel for Wiggins filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning the validity of Wiggins' guilty plea and the reasonableness of his sentence. Wiggins did not file a pro se supplemental brief, and the Government elected not to respond to the *Anders* brief. Finding no reversible error, we affirm.

Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Wiggins did not move to withdraw his guilty plea or otherwise preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error. *United States v. Massenburg*, 564 F.3d 337, 342 (4th Cir. 2009). Our review of the Rule 11 hearing confirms that Wiggins' plea was knowing, voluntary, and supported by an independent basis in fact, and that the district court therefore committed no error in accepting Wiggins' valid guilty plea.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51-52 (2007). We "must first

2

ensure that the district court committed no significant procedural error," such as improperly calculating the Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or inadequately explaining the sentence imposed. *Gall*, 552 U.S. at 51-52. If we find no procedural error, we examine the substantive reasonableness of a sentence under "the totality of the circumstances." *Id.* at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines sentence is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). The defendant can rebut that presumption only "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *Id.*

We discern no procedural or substantive sentencing error by the district court, which correctly calculated Wiggins' offense level, criminal history, and advisory Guidelines range. The court also addressed Wiggins' arguments for a below-Guidelines sentence and amply explained its decision to impose a sentence at the low end of Wiggins' Guidelines range. Furthermore, nothing in the record rebuts the presumption that Wiggins' sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Wiggins, in writing, of the right to petition the Supreme Court of the United States for further review. If Wiggins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wiggins.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*